IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DOMINO'S PIZZA LLC,<br><br>Claimant,<br><br>vs.<br><br>FRANCIS I. BORGES,<br><br>Respondent. | Case No. 25-cv-00137-DKW-WRP<br><br>**ORDER CONFIRMING ARBITRATION DECISION AND AWARD** |

Before the Court is Claimant Domino's Pizza LLC's Application for Order Confirming Arbitration Decision and Award and for Judgment Against Respondent Francis I. Borges ("Application"). Dkt. No. 1. For good cause appearing, the unopposed Application, Dkt. No. 1, is GRANTED, and the Final Arbitration Award, Dkt. No. 15, is CONFIRMED, as more fully explained below.

## FACTUAL & PROCEDURAL BACKGROUND

On February 1, 2022, Domino's and Borges—a then-Domino's employee— signed an Arbitration Agreement providing, among other things, that any claims, disputes, and/or controversies between the parties would be submitted to

arbitration governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16. Dkt. No. 1-2 at 4, 7; Dkt. No. 15 at 19.[1]

On May 12, 2023, Domino's filed a Demand for Arbitration and Statement of Claim with the American Arbitration Association, alleging claims of defamation, defamation per se, trade libel, tortious interference with prospective business advantage, and breach of the duty of loyalty arising out of online statements posted by Borges about Domino's Supply Chain Center on Oʻahu. Dkt. No. 1 at 2; Decl. of Brett R. Tobin at ¶ 3, Dkt. No. 1-1. Following a hearing, Arbitrator Cameron J. Evans issued a Final Arbitration Award on October 18, 2024, which found that Borges had engaged in defamation and tortious interference, awarded Domino's $218,437.50—comprised of $29,398 in lost profits, $181,039.50 in attorneys' fees, and $8,000 in investigative costs—and permanently enjoined Borges from publishing the defamatory statements about Domino's. Dkt. No. 15 at 4–6. Having held that the Award was a full and final determination of the issues submitted in the proceeding, the Arbitrator then relinquished jurisdiction. Dkt. No. 1 at 4; Dkt. No. 15 at 22.

Thereafter, on March 24, 2025, Domino's filed the instant Application for Order Confirming Arbitration Decision and Award and for Judgment Against

---

[1] In citing to the exhibits submitted by Domino's, the Court utilizes the page numbers assigned by CM/ECF in the top right corner of each page, rather than the page numbers at the bottom of each page, because the latter does not extend consistently throughout each document.

Respondent Francis I. Borges. Dkt. No. 1. Although given the chance to respond, Borges has failed to do so. *See* Dkt. No. 11. On May 8, 2025, Domino's filed a Reply, pointing to the absence of opposition and urging entry of its requested relief. Dkt. No. 13. Thus, with briefing now complete, the Court elects to decide this matter without a hearing, and this Order follows. *See* Dkt. No. 11; Local Rule 7.1(c).

## STANDARD OF REVIEW

Pursuant to Section 9 of the FAA, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," then "any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."[2] 9 U.S.C. § 9. As a result, so long as no vacatur, modification, or correction has taken place, "confirmation is required" and "[a]n arbitrator's decision must be upheld unless it is completely irrational or it constitutes a

---

[2] Sections 10 and 11 of the FAA provide very limited grounds upon which a district court may vacate, modify, or correct an arbitral award "to correct a technical error, to strike all or a portion of an award pertaining to an issue not at all subject to arbitration, and to vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." *Kyocera Corp. v. Prudential-Bache Trade Servs. Inc.*, 341 F.3d 987, 997–98 (9th Cir. 2003). None of these issues are present in the instant Application. *See generally* Dkt. No. 1.

manifest disregard of the law." *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (quotation marks and citations omitted).

## DISCUSSION

Here, the parties' Arbitration Agreement explicitly provides that the Final Arbitration Award is "binding[] and conclusive on the parties and may be entered in any court of competent jurisdiction."[3] Dkt. No. 1-2 at 5. Moreover, the Award has not been modified, corrected, or vacated, and no motion has been filed requesting the same. *See* Dkt. No. 1 at 6; Tobin Decl. at ¶ 7. As a result, without opposition by Borges,[4] the Court, as required by Section 9 of the FAA, GRANTS the Application, Dkt. No. 1, and CONFIRMS the Final Arbitration Award issued by Arbitrator Cameron J. Evans on October 18, 2024, Dkt. No. 15.

## CONCLUSION

For the reasons set forth herein, Domino's Application for an Order Confirming Arbitration Decision and Award, Dkt. No. 1, is GRANTED and the Final Arbitration Award, Dkt. No. 15, is CONFIRMED. The Clerk of Court is

---

[3] Jurisdiction is proper in this Court as there is diversity of citizenship and the amount in controversy exceeds $75,000. *See* Dkt. No. 1 at 4; 28 U.S.C. § 1332.

[4] Indeed, despite being served, *see* Dkt. No. 10, Borges has yet to make an appearance in this action.

instructed to enter Judgment in accordance with this Order and then to CLOSE this case.[5]

IT IS SO ORDERED.

DATED: May 16, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Domino's Pizza LLC v. Borges*; Civ. No. 25-00137-DKW-WRP; **ORDER CONFIRMING ARBITRATION DECISION AND AWARD**

---

[5]Pursuant to Section 13 of the FAA, the Court may enter Judgment upon confirming an arbitration award. *See* 9 U.S.C. § 13; *see also* Dkt. No. 1 at 7 (requesting the entry of Judgment).